LOUIS A. LEONE (SBN: 099874)
CLAUDIA LEED, ESQ. (SBN: 122676)
SETH L. GORDON, ESQ. (SBN: 262653)
**LEONE & ALBERTS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520
Telephone:   (925) 974-8600
Facsimile:    (925) 974-8601
Email: lleone@leonealberts.com
        cleed@leonealberts.com
        sgordon@leonealberts.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL ALEJO, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF PALO ALTO, CITY OF MOUNTAIN VIEW, OFFICER GREEN, AND DOES 1 to 50, INCLUSIVE <br><br> Defendants. | Case No.:  3:21-cv-3492 <br><br> **DEFENDANT CITY OF MOUNTAIN VIEW'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(b) and 1441(c) [FEDERAL QUESTION]** <br><br> **(Santa Clara County Superior Court Case No. 21CV378968)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant CITY OF MOUNTAIN VIEW hereby removes to this Court the State court action of *Joel Alejo v. City of Palo Alto*, Santa Clara County Superior Court Case No. 21CV378968 pursuant to 28 U.S.C. §§1441(b) and 1441(c).

Removal is based on the following grounds:

1.      On March 15, 2021, a Summons and Complaint for Damages was filed in the Superior Court of the State of California, Santa Clara County, where this action is now pending as *Joel Alejo v. City of Palo Alto, et al.*, Santa Clara County Superior

Court Case No. 21CV378968. A true and correct copy of the Summons, Civil Case Cover Sheet, and Complaint, are attached hereto as **Exhibit A**.

2.      Defendants' answer to the Complaint was filed in Santa Clara County Superior Court Case No. 21CV378968 on April ___, 2021 (A filed-endorsed copy of the answer has not been forthcoming from the Superior Court). A copy of Defendants' answer with demand for jury trial is attached hereto as **Exhibit B**. No other papers or pleadings have been filed in this matter in the Superior Court by Defendants.

3.      The Complaint asserts a cause of action against this removing Defendant for excessive force [4th and 14th Amendments to the U.S. Constitution], violation of due process [14th amended to U.S. Constitution] [Compl. pp. 4:1-28 through 6:1-26]. The Complaint also includes State law claims.

4.      This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged violations arising under the laws of the United States, namely the 4th and 14th Amendments to the U.S. Constitution actionable pursuant to 42 U.S.C. § 1983. [Compl. pp. 4:1-28 through 6:1-26].

5.      This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same set of facts giving rise to Plaintiff's federal claim such that Plaintiff's federal law and state law claims "form part of the same case or controversy under Article III of the United States Constitution" under 28 U.S.C. § 1367(a).

6.      Removal of this action to this Court is proper under 28 U.S.C. § 1441(b) because removal is based on a claim arising under federal law, namely, 42 U.S.C. § 1983 [Complaint, pp. 4:1-28 through 5:1-27]. See *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998): "[S]tate-court actions that original could have been filed in federal court may be removed to federal court by defendant . . . federal jurisdiction exists . . . when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." Plaintiff's claims are based upon, and necessarily involve, construction and application of federal law and the United States Constitution in that plaintiff claims to have suffered

2

a violation of his civil rights under federal constitutional law, the constitutional amendments, and 42 USC 1983.

> [T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*(Rivet v. Regions Bank of Louisiana* (1998) 522 U.S. 470, 475 (quoting *Caterpillar, Inc. v. Williams* (1987) 482 U.S. 386, 392 (internal quotation marks omitted); *see also, City of Chicago v. International College of Surgeons* (1997) 522 US 156, 165). On its face, Plaintiff's complaint expressly alleges independent and separate claims arising solely under federal law. 28 U.S.C. §1441(c).

7.      The joinder of claims based on State law does not defeat removal jurisdiction. 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matter in which State law predominates.

8.      Fewer than thirty (30) days have elapsed since Defendant learned of and received a copy of plaintiff's complaint such that this matter became removable to this Court. 28 U.S.C. § 1446(b).

9.      Venue is proper in the United States District Court for the Northern District of California because this action arises out of occurrences alleged to have taken place in Santa Clara County, California. See 28 U.S.C. § 1391(b).

10.      This notice of removal is signed by counsel for removing Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure. All named Defendants have consented to the removal.

/ / /

/ / /

/ / /

WHEREFORE, Defendant CITY OF MOUNTAIN VIEW respectfully requests that this action be removed to this Court.

Dated:  May 10, 2021

**LEONE & ALBERTS**

By: _____

LOUIS A. LEONE, ESQ.
CLAUDIA LEED, ESQ.
SETH L. GORDON, ESQ.
Attorneys for Defendant
CITY OF MOUNTAIN VIEW

4

# EXHIBIT A

RECEIVED
APR 1 2 2021
CITY CLERK

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF PALO ALTO, CITY OF MOUNTAIN VIEW, OFFICER GREEN, AND DOES 1 TO 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOEL ALEJO

E-FILED
3/15/2021 11:58 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV378968
Reviewed By: V. Taylor
Envelope: 6033321

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Downtown Superior Court (DTS)
191 North First St.
San Jose CA 95113

CASE NUMBER:
*(Número del Caso):*
**21CV378968**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sharona Eslamboly Hakim, Esq. SBN: 180998          (310) 289-9100
8730 Wilshire Blvd., Suite 500 Beverly Hills CA 90211

DATE:                                                    Clerk, by                                      , Deputy
*(Fecha)* 3/15/2021 11:58 AM   Clerk of Court          *(Secretario)*   V. Taylor          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **City of Mountain View**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* **CCP 416.50 (Public Entity)**
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sharona Eslambody Hakim, Esq. SBN: 180998<br>Law Offices of Sharona Eslambody Hakim<br>8730 Wilshire Blvd., Suite 500 Beverly Hills CA 90211 | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/15/2021 11:58 AM<br>Reviewed By: V. Taylor<br>Case #21CV378968<br>Envelope: 6033321** |

TELEPHONE NO.: (310) 289-9100   FAX NO.: (310) 289-9101
ATTORNEY FOR *(Name):* JOEL ALEJO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First St.
MAILING ADDRESS: 191 North First St.
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court (DTS)

CASE NAME:
Alejo v. City of Palo Alto, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21CV378968 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 8, 2021

Sharona Eslambody Hakim, Esq.
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

E-FILED
3/15/2021 11:58 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV378968
Reviewed By: V. Taylor

Sharona Eslamboly Hakim, Esq., State Bar No.: 180998
Narek Postajian, Esq., State Bar No.: 306223
LAW OFFICES OF SHARONA ESLAMBOLY HAKIM
8730 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone No.: (310) 289-9100
Facsimile No.:  (310) 289-9101

Attorneys for Plaintiff, JOEL ALEJO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| JOEL ALEJO,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF PALO ALTO, CITY OF MOUNTAIN VIEW, OFFICER GREEN, AND DOES 1 TO 50, INCLUSIVE<br><br>             Defendants. | Case No.: 21CV378968<br><br>[Unlimited Civil Case]<br><br>**COMPLAINT FOR DAMAGES; AND DEMAND FOR JURY TRIAL**<br><br>1. **EXCESSIVE FORCE {4TH & 14TH AMENDMENTS TO U.S. CONSTITUTION)**<br>2. **DUE PROCESS VIOLATION {14TH AMENDMENTTO U.S. CONSTITUTION)**<br>3. **EXCESSIVE FORCE, DENIAL OF EQUAL PROTECTION AND DUE PROCESS OF LAW, UNDER CALIFORNIA CONSTITUTION**<br>4. **THREATS, INTIMIDATION OR COERCION IN VIOLATION OF CIVIL CODE § 52.1**<br>5. **VIOLATION OF STATUTORY DUTY (CIVIL CODE § 3342)**<br>6. **NEGLIGENCE**<br>7. **ASSAULT AND BATTERY**<br>8. **FALSE IMPRISONMENT**<br>9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>10. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff JOEL ALEJO, by and through his attorney, alleges against Defendants, and each of them, as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction is proper in the Santa Clara County Superior Court of the State of California under *California Code of Civil Procedure* Section 410.10.

2.     Venue is proper in San Jose, California, under *California Code of Civil Procedure* 395 (a), because the acts and omissions out of which this action arises occurred within the County and venue and judicial district at or near San Jose, California.

**GENERAL ALLEGATIONS**

3.     At all relevant times, Plaintiff JOEL ALEJO was a resident of the City of Mountain View, County of Santa Clara, State of California. On June 25, 2020, Plaintiff Alejo sustained severe bodily injuries, disfigurement, mutilation, pain and suffering and emotional distress arising from multiple dog bite wounds when the Palo Alto Police Department and/or the Mountian View Police Department conducted a raid on Plaintiff Alejo's home, located at 1847 Elsie Avenue in the City of Mountain View, County of Santa Clara, State of California, and released a K9 upon Plaintiff Alejo in order to apprehend him. Following the subject incident, it was determined that the police had raided the incorrect house and that Plaintiff Alejo was an innocent victim.

4.     This action is brought by Plaintiff JOEL ALEJO due to the use of deadly or otherwise excessive or unreasonable force by Defendants, and each of them, in the form of attack dogs released upon Plaintiff JOEL ALEJO, who posed no threat to the police or the community justifying such force and was an innocent victim whose house had been incorrectly raided by the police. Defendants, and each of them, did not have probable cause or reasonable suspicion to believe Plaintiff JOEL ALEJO posed an immediate or any threat of death or serious bodily injury, or otherwise posed a threat justifying the use of such force.

5.     Based upon information and belief, Defendants, CITY OF PALO ALTO, and Does 1 through 50, inclusive, via the Palo Alto Police Department is, and at all times herein mentioned was a government entity/law enforcement agency.

6.     On or about December 9, 2020, Plaintiff JOEL ALEJO presented to Defendant, CITY OF PALO ALTO, his Claim for Damages for the injuries suffered as a result of the occurrence described

herein, all in compliance with the requirements of Section 905 of the California Government Code. Plaintiff JOEL ALEJO received a letter from Defendant, CITY OF PALO ALTO stating that the claim had previously been filed and had been subsequently rejected on August 12, 2020.

7.     Based upon information and belief, Defendants, CITY OF MOUNTAIN VIEW and Does 1 through 50, inclusive, via the Mountain View Police Department is, and at all times herein mentioned was a government entity/law enforcement agency.

8.     On or about December 9, 2020, Plaintiff JOEL ALEJO presented to Defendant, CITY OF MOUNTAIN VIEW, his Claim for Damages for the injuries suffered as a result of the occurrence described herein, all in compliance with the requirements of Section 905 of the California Government Code. Plaintiff JOEL ALEJO received a letter from Defendant, CITY OF MOUNTAIN VIEW on January 26, 2021 rejecting said claim.

9.     Based upon information and belief, Defendant OFFICER GREEN is a police officer with the City of Palo Alto / City of Mountain View and was one of the officers involved in th mistaken raid of Plaintiff JOEL ALEJO's home.

10.     The true names and/or capacities, whether individual, governmental, corporate, associate, or otherwise, of defendant DOES 1 to 50, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants fictitiously named herein as a DOE is legally responsible, negligent, or responsible in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same has been ascertained. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendants DOES 1 through 50, inclusive, and each of them, were the agents, servants, employees, and/or joint venturers of their co-defendants, and each and every defendant was, as such, acting within the course, scope and authority of said agency, employment, and/or joint venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as agent, employee, and/or joint venturer.

**FIRST CAUSE OF ACTION**

**[EXCESSIVE FORCE (4TH & 14TH AMENDMENTS TO U.S. CONSTITUTION) against**
**ALL DEFENDANTS]**

11.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-10.

12.     The conduct of each Defendants, and each of them, violated the right of Plaintiff JOEL ALEJO to be secure in his home, person, and effects against unreasonable searches and seizures and not to be subjected to the use of deadly or otherwise excessive or unreasonable force, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and entitles Plaintiff JOEL ALEJO to bring suit and recover damages pursuant to 42 U.S.C. Section 1983.

13.     The conduct complained of herein was undertaken pursuant to the custom, practice and/or policy of Defendants, and each of them.

14.     Alternatively, Plaintiff JOEL ALEJO alleges that Defendants, and each of them, through its official policy makers, Chief of Police and others, knew that the canine units have operated and continue to operate in such a way as to deprive numerous individuals of their constitutional rights to be free from unreasonable seizures resulting from the use of deadly or otherwise excessive or unreasonable force. Despite this knowledge, said official policy makers have failed to take any remedial or corrective actions. In failing to take corrective measures in the areas of hiring, training, supervision, and monitoring, of their officers/agents, Defendants, and each of them have exhibited and continue to exhibit deliberate indifference and/or reckless disregard and/or gross negligence to the constitutional rights of Plaintiff JOEL ALEJO.

15.     As a direct and proximate cause of the aforementioned acts of Defendants, and each of them, Plaintiff JOEL ALEJO was deprived of his constitutional rights to be free from unreasonable seizures. As a proximate result of the wrongful, malicious and violent acts of Defendants, and each of them, and the fright caused to Plaintiff JOEL ALEJO, Plaintiff suffered physical injuries and experienced shock and injury to the nervous system and was injured in his health, strength and activity, suffering extreme and severe mental anguish and physical pain, anxiety, humiliation and emotional distress, in an amount according to proof at trial.

16.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff JOEL ALEJO has incurred and will incur in the future medical and related expenses, past and future lost earnings, and other special and general damages, in an amount according to proof, but in excess of the jurisdictional limits of this court.

17.     All acts or omissions alleged to have been engaged in by Defendants, and each of them herein are alleged to have been engaged in with intent to injure Plaintiff JOEL ALEJO or with a willful and conscious disregard for the rights and safety of Plaintiff JOEL ALEJO, and were fraudulent, malicious or oppressive, entitling Plaintiff JOEL ALEJO to recover punitive damages from Defendants, and each of them.

## SECOND CAUSE OF ACTION

### [DUE PROCESS VIOLATION (14TH AMENDMENTS TO U.S. CONSTITUTION) against ALL DEFENDANTS]

18.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-17.

19.     The failure of Defendants, and each of them, to render prompt first aid to Plaintiff JOEL ALEJO, a dog bite victim and/or insure that Plaintiff received prompt medical treatment violated the Plaintiff JOEL ALEJO's rights to be secure from deprivations of life, liberty or property without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, and entitles Plaintiff JOEL ALEJO to bring suit and recover damages pursuant to 42 U.S.C. Section 1983.

20.     Defendants use of dogs in a sadistic and unconstitutional fashion with the purpose to hurt, maim, or punish those whom the Defendants considered to be resistant to its authority, and/or in need of being taught a lesson not to flee, and/or in need of summary punishment for certain offenses, was in violation of the Plaintiff JOEL ALEJO's rights to be secure from deprivations of life, liberty or property without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, and entitles Plaintiff to bring suit and recover damages pursuant to 42 U.S.C. Section 1983.

21.     The conduct complained of herein was undertaken pursuant to the custom, practice and/or policy of Defendants, and each of them. Alternatively, Plaintiff JOEL ALEJO alleges that Defendants, and each of them, through their official policy makers and others, knew that their law enforcement agents were failing to give necessary first aid to victims' of police dog attacks promptly and/or were not promptly making available to victims' of dog biting treatment by medical professionals. Despite this knowledge the official policy makers failed to take any remedial or corrective actions. In failing to take corrective measures in the areas of hiring, training, supervision, and monitoring, Defendants, and each of them, have exhibited and continue to exhibit deliberate indifference and/or reckless disregard and/or gross negligence to the constitutional rights of Plaintiff JOEL ALEJO.

22.     The conduct complained of herein was undertaken pursuant to the custom, practice and/or policy of Defendants, and each of them. Alternatively, Plaintiff JOEL ALEJO alleges that Defendants, and each of them, through their official policy makers and others, knew that their dogs, pursuant to custom, practice and/or policy, were being used in a sadistic and unconstitutional fashion with the purpose to hurt, maim, or punish those whom the Defendants, and each of them, considered to be resistant to its authority, and/or in need of being taught a lesson not to flee, and/or in need of summary punishment for certain offenses. Despite this knowledge, Defendants' official policy makers and others failed to take any remedial or corrective actions. In failing to take corrective measures in the areas of hiring, training, supervision, and monitoring, Defendants, and each of them, have exhibited and continue to exhibit deliberate indifference and/or reckless disregard and/or gross negligence to the constitutional rights of Plaintiff JOEL ALEJO.

23.     As a direct and proximate cause of the aforementioned acts of Defendants, and each of them, Plaintiff JOEL ALEJO was deprived of his constitutional rights to not be deprived of life, liberty or property without due process of law. As a further direct and proximate cause of the aforementioned actions of Defendants, and each of them, Plaintiff JOEL ALEJO suffered severe injuries and damages.

///

///

### THIRD CAUSE OF ACTION

**[EXCESSIVE FORCE, DENIAL OF EQUAL PROTECTION AND DUE PROCESS OF LAW,**

**UNDER CALIFORNIA CONSTITUTION against ALL DEFENDANTS]**

24.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-23.

25.     The conduct of Defendants, and each of them, violated the right of Plaintiff JOEL ALEJO to be secure in his home, person, and effects against unreasonable searches and seizures and not be subjected to the use of deadly and or otherwise excessive or unreasonable force, as guaranteed by Article I, Section 13 of the California Constitution.

26.     The conduct of Defendants, and each of them, violated the right of the Plaintiff JOEL ALEJO to be secure from deprivations of life, liberty or property without due process of law, and not to be deprived of necessary medical care as guaranteed by Article I, Section 7 of the California Constitution.

27.     As a direct and proximate cause of the aforementioned acts Defendants, and each of them, Plaintiff JOEL ALEJO was deprived of his California constitutional rights to be free from unreasonable seizures, to receive equal protection of the laws, and to not be deprived of due process of the laws. As a further direct and proximate cause of the aforementioned actions of Defendants, and each of them Plaintiff JOEL ALEJO suffered severe injuries and damages.

### FOURTH CAUSE OF ACTION

**[THREATS, INTIMIDATION OR COERCION IN VIOLATION OF CIVIL CODE § 52.1**

**against ALL DEFENDANTS]**

28.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-27.

29.     Defendants, and each of them, by their conduct, interfered, by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiff JOEL ALEJO's rights as secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the state of California, in violation of California Civil Code § 52.1.

COMPLAINT FOR DAMAGES

30.     As a further direct and proximate cause of the aforementioned actions of Defendants, and each of them Plaintiff JOEL ALEJO suffered severe injuries and damages.

## FIFTH CAUSE OF ACTION

### [VIOLATION OF STATUTORY DUTY (CIVIL CODE § 3342) against ALL DEFENDANTS]

31.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-30.

32.     Defendants, and each of their use of dogs as alleged above, subjects Defendants, and each of them to strict liability under Cal. Civil Code Section 3342, for all damages proximately caused to Plaintiff JOEL ALEJO as a result of dogs biting him.

33.     Subdivision (b) of Cal. Civil Code Section 3342.5 does not apply to shield Defendants, and each of them, from liability because the written policy adopted by Defendants, and each of them, as to the use of police dogs to apprehend individuals is unconstitutional under the United States and California constitutions.

34.     As a further direct and proximate cause of the aforementioned actions of Defendants, and each of them Plaintiff JOEL ALEJO suffered severe injuries and damages.

## SIXTH CAUSE OF ACTION

### [NEGLIGENCE against ALL DEFENDANTS]

35.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-34.

36.     On or about June 25, 2020 Defendants, and each of them, negligently exceeded the discretion provided under any authority, as more specifically outlined within the General Allegations, such that Plaintiff JOEL ALEJO, sustained serious injuries and suffered damages.

37.     Defendants, and each of them either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of *respondeat superior;* and/or Defendants are liable under conspiracy of each other. California Penal Code §830.31, §835(a), §836, *Inouye v.*

*County of Los Angeles,* (1995) 30 Cal.App.4th 278, 35 Cal.Rptr.2d 367, *Rest.2d Torts, §' 40A,* Penal Code Section 236, 784, Civil Code section 43, Civil Code Section 3333; *Graham v. Connor,* ( 1989) 490 U.S. 386 1989.

38.     As a direct, legal and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO suffered injuries and damages, including but not limited to, physical injuries, disfigurement, mental injuries and emotional distress and as a result of the conduct of all Defendants.

39.     As an actual and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO has suffered and continues to suffer, general and special damages, including but not limited to physical and mental injuries, medical expenses, losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer pain, suffering, embarrassment, humiliation, emotional distress, and mental anguish in an amount according to proof.

40.     Defendants, and each of them, engaged in the vicious conduct maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and with intent to vex, injure, or annoy Plaintiff such as to constitute oppression, fraud, or malice punishable with exemplary damages under Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants.

## SEVENTH CAUSE OF ACTION

### [ASSAULT AND BATTERY against ALL DEFENDANTS]

41.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-40.

42.     Plaintiff JOEL ALEJO alleges, as more specifically stated in the General Allegations incorporated herein, that Defendants, and each of them, intentionally caused reasonable apprehension of immediate harm which caused harm to Plaintiff resulting in assault. All Defendants, at all times mentioned, were acting under color of law, apparent authority, vicarious liability, and/or *respondeat superior,* and/or in conspiracy.

43.     Plaintiff alleges, as more specifically stated in the General Allegations incorporated herein, that Defendants intentionally caused physical harm that was not consented or excused via the

release of dogs onto Plaintiff's person, which severely bit and maimed Plaintiff. As a result, Plaintiff JOEL ALEJO suffered harm, physical and emotional, resulting in battery.

44.    Defendants, and each of them either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of *respondeat superior;* and/or Defendants are liable under conspiracy of each other. California Penal Code §830.31, §835(a), §836, *Inouye v. County of Los Angeles,* (1995) 30 Cal.App.4th 278, 35 Cal.Rptr.2d 367, *Rest.2d Torts, §' 40A,* Penal Code Section 236, 784, Civil Code section 43, Civil Code Section 3333; *Graham v. Connor,* ( 1989) 490 U.S. 386 1989.

45.    As a direct, legal and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO suffered injuries and damages, including but not limited to, physical injuries, disfigurement, mental injuries and emotional distress and as a result of the conduct of all Defendants.

46.    As an actual and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO has suffered and continues to suffer, general and special damages, including but not limited to physical and mental injuries, medical expenses, losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer pain, suffering, embarrassment, humiliation, emotional distress, and mental anguish in an amount according to proof.

47.    Defendants, and each of them, engaged in the vicious conduct maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and with intent to vex, injure, or annoy Plaintiff such as to constitute oppression, fraud, or malice punishable with exemplary damages under Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants.

///

///

///

## EIGHTH CAUSE OF ACTION

### [FALSE IMPRISONMENT, KIDNAP AND ABDUCTION against ALL DEFENDANTS]

48.     Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-47.

49.     Plaintiff JOEL ALEJO alleges, as more specifically described in the General Allegations, *supra,* that Defendants, and each of them, engaged in the tort of false imprisonment, kidnap, and abduction for the nonconsensual, intentional confinement of Plaintiff JOEL ALEJO without lawful privilege, for an appreciable length of time, and the restraint was effectuated by means of physical force, threat of force or of arrest, confinement by physical force and all incidents described throughout, by means of any other form of unreasonable duress, wherein Defendants, refused to let Plaintiff JOEL ALEJO leave his residence prior to sending attack dogs onto Plaintiff during a lengthy vicious physical confinement via use of deadly weapons and attack dogs.

50.     Defendants, and each of them either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of *respondeat superior;* and/or Defendants are liable under conspiracy of each other. California Penal Code §830.31, §835(a), §836, *Inouye v. County of Los Angeles,* (1995) 30 Cal.App.4th 278, 35 Cal.Rptr.2d 367, *Rest.2d Torts, §' 40A,* Penal Code Section 236, 784, Civil Code section 43, Civil Code Section 3333; *Graham v. Connor,* ( 1989) 490 U.S. 386 1989.

51.     As a direct, legal and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO suffered injuries and damages, including but not limited to, physical injuries, disfigurement, mental injuries and emotional distress and as a result of the conduct of all Defendants.

52.     As an actual and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO has suffered and continues to suffer, general and special damages, including but not limited to physical and mental injuries, medical expenses, losses in earnings, bonuses, deferred compensation and other

employment benefits and has suffered and continues to suffer pain, suffering, embarrassment, humiliation, emotional distress, and mental anguish in an amount according to proof.

53.    Defendants, and each of them, engaged in the vicious conduct maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and with intent to vex, injure, or annoy Plaintiff such as to constitute oppression, fraud, or malice punishable with exemplary damages under Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants.

## NINTH CAUSE OF ACTION

## [INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS against ALL DEFENDANTS]

54.    Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-53.

55.    On or about June 25, 2020, Defendants, and each of them, intentionally caused serious emotional distress upon Plaintiff JOEL ALEJO, through the extreme and outrageous conduct of all Defendants, exceeding all bounds of decency in society, wherein Defendants, and each of them trapped Plaintiff JOEL ALEJO in his own home, with guns and other deadly weapons pointed at his direction, and eventually used attack dogs that severely bit and mauled Plaintiff JOEL ALEJO in order to remove him from his home.

56.    Defendants, and each of them either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of *respondeat superior;* and/or Defendants are liable under conspiracy of each other. California Penal Code §830.31, §835(a), §836, *Inouye v. County of Los Angeles,* (1995) 30 Cal.App.4th 278, 35 Cal.Rptr.2d 367, *Rest.2d Torts, §' 40A,* Penal Code Section 236, 784, Civil Code section 43, Civil Code Section 3333; *Graham v. Connor,* ( 1989) 490 U.S. 386 1989.

57. As a direct, legal and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO suffered injuries and damages, including but not limited to, physical injuries, disfigurement, mental injuries and emotional distress and as a result of the conduct of all Defendants.

58. As an actual and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO has suffered and continues to suffer, general and special damages, including but not limited to physical and mental injuries, medical expenses, losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer pain, suffering, embarrassment, humiliation, emotional distress, and mental anguish in an amount according to proof.

59. Defendants, and each of them, engaged in the vicious conduct maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and with intent to vex, injure, or annoy Plaintiff such as to constitute oppression, fraud, or malice punishable with exemplary damages under Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants.

## TENTH CAUSE OF ACTION

### [NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS against ALL DEFENDANTS]

60. Plaintiff JOEL ALEJO hereby realleges and incorporates by reference as if fully set forth herein the allegations set forth in paragraphs 1-59.

61. On or about June 25, 2020, Defendants, and each of them, negligently caused serious emotion distress upon Plaintiff JOEL ALEJO wherein Defendants, and each of them, negligently exceeded the discretion provided under any authority, as more specifically outlined within the General Allegations, such that Plaintiff JOEL ALEJO, sustained serious injuries and suffered damages. Defendant did this by trapping Plaintiff JOEL ALEJO in his own home, with guns and other deadly weapons pointed at his direction, and eventually used attack dogs that severely bit and mauled Plaintiff JOEL ALEJO in order to remove him from his home.

62. Defendants, and each of them either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and

are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or

Defendants are liable for each other under the doctrine of *respondeat superior;* and/or Defendants

are liable under conspiracy of each other. California Penal Code §830.31, §835(a), §836, *Inouye v.*

*County of Los Angeles,* (1995) 30 Cal.App.4th 278, 35 Cal.Rptr.2d 367, *Rest.2d Torts, §' 40A,* Penal

Code Section 236, 784, Civil Code section 43, Civil Code Section 3333; *Graham v. Connor,* ( 1989)

490 U.S. 386 1989.

63.    As a direct, legal and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO

suffered injuries and damages, including but not limited to, physical injuries, disfigurement, mental

injuries and emotional distress and as a result of the conduct of all Defendants.

64.    As an actual and proximate result of Defendants' conduct, Plaintiff JOEL ALEJO has

suffered and continues to suffer, general and special damages, including but not limited to physical

and mental injuries, medical expenses, losses in earnings, bonuses, deferred compensation and other

employment benefits and has suffered and continue to suffer pain, suffering, embarrassment,

humiliation, emotional distress, and mental anguish in an amount according to proof.

65.    Defendants, and each of them, engaged in the vicious conduct maliciously, willfully,

and oppressively, and with the intent to harm Plaintiff. Defendants engaged in despicable conduct

and acted with a conscious disregard of Plaintiff's rights and with intent to vex, injure, or annoy

Plaintiff such as to constitute oppression, fraud, or malice punishable with exemplary damages under

Civil Code Section 3294. Plaintiff is therefore entitled to punitive damages in an amount sufficient to

punish and make an example of Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.  For General damages according to proof;

2.  For Special damages according to proof;

3.  For Exemplary damages as provided by law, in an amount to be proved against each

individual Defendant;

4.  For Civil Penalties pursuant to Civil Code § 52;

5.  For Attorney's Fees pursuant to 42 U.S.C. § 1988 and Civil Code §§ 52 and 52.1

6.  For costs of suit;

7.  For such other and further relief as the Court may deem just and proper.

Dated: February 8, 2021                    LAW OFFICES OF SHARONA ESLAMBOLY HAKIM


By: _____
        Sharona Eslamboly Hakim
        Attorney for Plaintiff
        JOEL ALEJO

# EXHIBIT B

**EXEMPT FROM FILING FEES PURSUANT
TO GOVERNMENT CODE § 6103**

LOUIS A. LEONE, ESQ. (SBN: 099874)
CLAUDIA LEED, ESQ. (SBN: 122676)
SETH L. GORDON, ESQ. (SBN: 262653)
**LEONE & ALBERTS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA 94520
Telephone:   (925) 974-8600
Facsimile:     (925) 974-8601
E-mail: lleone@leonealberts.com
          cleed@leonealberts.com
          sgordon@leonealberts.com

Attorneys for Defendant
CITY OF MOUNTAIN VIEW

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| JOEL ALEJO, | Case No.: 21CV378968 |
| Plaintiff, | |
| vs. | **DEFENDANT'S CITY OF MOUNTAIN VIEW'S ANSWER TO COMPLAINT** |
| CITY OF PALO ALTO, CITY OF MOUNTAIN VIEW, OFFICER GREEN, AND DOES 1 to 50, INCLUSIVE | |
| Defendants. | Complaint filed: March 15, 2021 |

COMES NOW Defendant, CITY OF MOUNTAIN VIEW, and for its answer to the unverified Complaint of JOEL ALEJO on file herein, admits, denies and alleges as follows:

**<u>GENERAL DENIAL</u>**

Under the provisions of Section 431.30(d) of the California Code of Civil Procedure, this answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in said Complaint, and further denies that / / /

1

Plaintiff has been damaged in any sum or sums, or at all, by reason of any act or omission on the part of this answering Defendant.

## **AFFIRMATIVE DEFENSES**

AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that neither the Complaint nor any of the alleged causes of action therein state facts sufficient to constitute a cause of action against this Defendant.

AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that its police officers are immune from the allegations contained in the Complaint based on the doctrines of good faith and qualified immunity available to the officers under federal and state law.

AS A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that they are immune from the allegations contained in the Complaint and from the causes of actions contained therein because it is subject to discretionary immunity and other immunities contained within the California Government Code including, but not limited to, Sections 815, 815.2, 815.6, 818, 818.8, 820, 820.2, 820.4, 820.8, and 821, 821.6, 821.8, 822.2, 845.6, 855 and, by virtue of Government Code § 900 et seq.

AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff failed to mitigate his alleged damages as required by law.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that, if Plaintiff suffered any damages, such damages are proximately or legally caused by the misconduct, negligence, or fault of parties other than this Defendant.

AS A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that any damages allegedly sustained by Plaintiff was either wholly, or in part, negligently caused by persons, firms, corporations or

2

entities other than this Defendant, and said negligence comparatively reduces the percentage of negligence, if any, by this Defendant.

AS A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff lacks standing to seek the relief requested in the Complaint, and therefore, Plaintiff's claims are barred.

AS AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that, at all times relevant hereto, Defendant and its police officers acted in good faith, without malice, upon a reasonable belief that plaintiff was involved in unlawful and/or criminal activity and/or threatening the safety and life of persons.

AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant's police officers' alleged acts were objectively reasonable under the doctrine set forth in Graham v. Connor, 490 U.S. 386 (1989) and all other applicable federal and state judicial authorities.

AS A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT no municipal policy, pattern or practice caused any deprivation of plaintiff's federal civil rights, and thus under the doctrine of law announced in Monell v. Dept. of Social Services, 436 U.S. 658 (1978), and other applicable statutory and judicial authorities and, as such, plaintiff is not entitled to judgment against Defendant.

AS A ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Plaintiff's complaint fails to state a claim for any constitutional violation actionable pursuant to 42 U.S.C. Section 1983 against the Defendant and/or any of its police officers.

AS A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant's police officers are immune from liability under California Penal Code Section 847 since, at the time of the subject incident, Defendant's police officers had reasonable cause to believe that any detention and/or arrest was lawful.

/ / /

DEFENDANT CITY OF MOUNTAIN VIEW'S ANSWER TO COMPLAINT

AS A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that the Complaint, and each claim set forth therein, is barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Civil Code Section 335.1.

AS A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that the causes of action contained within the Plaintiff's Complaint are barred and that Plaintiff failed to comply with the necessary requirements of the California Tort Claims Act with respect to the time presentation of the Governmental Tort Claim prior to instituting this action. Moreover, Defendant contends that if, in fact, Plaintiff submitted a Governmental Tort Claim, as required, said claim differs materially from the allegations contained within the Complaint, and as such, those claims and causes of action not set forth in the Governmental Tort Claim are barred. Defendant further alleges that Plaintiff failed to file the requisite Petition for relief filed in the Superior Court pursuant to Government Code Section 946.6 to be relieved of the requirements of filing a government claim and as such said claims are barred.

AS A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that the acts of the City of Mountain View and/or its police officers were not a substantial or proximate cause of any injury to Plaintiff.

AS AN SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant shall only be responsible, if at all, for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code Section 1431.2).

AS A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that the Complaint is couched in conclusory terms and, therefore, this Defendant cannot fully anticipate all defenses that may apply to this action. Accordingly, Defendant reserves its right to assert additional defenses, if and to the extent that such defenses apply to this action.

4

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all claims in this case.

### **PRAYER**

WHEREFORE, Defendant prays that Plaintiff takes nothing by his Complaint and that Defendant be dismissed hence, with its attorneys' fees and costs of suit incurred herein and such other and further relief as the Court deems fit and proper

Dated: April 16, 2021                    **LEONE & ALBERTS**

By: _____
LOUIS A. LEONE, ESQ.
CLAUDIA LEED, ESQ.
SETH L. GORDON, ESQ.
Attorneys for Defendant
CITY OF MOUNTAIN VIEW

DEFENDANT CITY OF MOUNTAIN VIEW'S ANSWER TO COMPLAINT

Re: __Alejo v. City of Mountain View__
__Santa Clara County Superior Court Case No.: 21CV378968__

### PROOF OF SERVICE

I, the undersigned, declare that I am employed in the City of Concord, State of California. I am over the age of 18 years and not a party to the within cause; my business address is 1390 Willow Pass Road, Suite 700, Concord, California.

On April 19, 2021, I served the following documents:

**(1) DEFENDANT CITY OF MOUNTAIN VIEW'S ANSWER TO COMPLAINT**

on the following interested party(s) in said cause:

__PLAINTIFF'S COUNSEL__
Sharona Eslamboly Hakim, Esq.
Narek Postajian, Esq.
Law Offices of Sharona Eslamboly Hakim
8730 Wilshire Blvd., Suite 500
Beverly Hills, CA 90211
Tel: (310) 289-9100
Fax: (310) 289-9101
Email: sharona@sehlawfirm.com;
narek@sehlawfirm.com

__VIA MAIL - CCP §§ 1013(a), 2015.5__

☐   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Antioch, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Antioch, California.

__VIA OVERNIGHT MAIL/COURIER - CCP §§ 1031(c), 2015.5__

☐   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service, or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence/documents for overnight mail or overnight courier service, and that it is to be delivered to an authorized courier or driver

6

DEFENDANT CITY OF MOUNTAIN VIEW'S ANSWER TO COMPLAINT

authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

## VIA ELECTRONIC MAIL TRANSMISSION - CCP §1010.6

☒   By electronic transmission via email to the authorized electronic service address(es) listed above.

## VIA HAND-DELIVERY - CCP §§ 1011, 2015.5

☐   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day by D&T SERVICES in the ordinary course of my firm's business practice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 19, 2021, at Antioch, California.

_____
KATHERINE ALEXANDER

7

DEFENDANT CITY OF MOUNTAIN VIEW'S ANSWER TO COMPLAINT